

RECEIVED
JUN 0 2 2021
PRO SE OFFICE



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

NINA FISCHMAN,

    *Plaintiff,*

  - against -

Hon. JEROME C MURPHY in his official and individual capacity, SHALOM S MAIDENBAUM, JONATHAN STEIN, ELLIOT BLUMENTHAL, ERIC W. BERRY, and MICHAEL A. SCHIFF in his official capacity,

    *Defendants.*

**Case:**

**CV 21 - 3111**

**BROWN, J.**

**LINDSAY, M.J.**

---

### VERIFIED COMPLAINT

Plaintiff Nina Fischman ("Plaintiff") sues the Hon. Jerome C Murphy in his official and individual capacity, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal, Eric W. Berry, and Michael A. Schiff in his official capacity ("Defendants") for prospective declaratory relief that the continuation of ad hoc activity deprives Plaintiff of due process by encumbering the assets belonging to Plaintiff without the presence of a proceeding and judgment naming Plaintiff as a debtor. The following facts support this action:

### <u>JURISDICTIONAL ALLEGATIONS</u>

1.  This is an action for declaratory judgment of prospective relief of a federal question under <u>Ex parte Young</u>, 209 U.S. 123, 143 (1908).

2.  Jurisdiction is found under 28 U.S.C. 1331 to address whether Defendants may continue their sexiest mistreatment of Plaintiff by labeling her as a "housewife" and incapable of having her own assets apart from her husband, wherein the sexism is the drive for depriving Plaintiff of due process despite "classifications may not be used, as

they once were, to create or perpetuate the legal, social, and economic inferiority of women." United States v Virginia, 518 US 515, 534 (1996).

3.      Jurisdiction is found under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. §§ 1983, 1985(3) to redress classifications Defendants use against Plaintiff to encumber Plaintiff's assets under the antediluvian tradition, that whatever a wife owns belongs to her husband, without having afforded any due process to Plaintiff.

4.      This is a 28 U.S.C. § 2201 action to quiet a live controversy involving the deprivation of Plaintiff's due process wherein the Defendants are acting under the color of law in the clear absence of jurisdiction and deliberately depriving Plaintiff of substantive and procedural due process.

5.      At all times material to this lawsuit Defendants do business in the Eastern District of New York.

6.      At all times material to this lawsuit the Defendants are domiciled in the Eastern District of New York.

7.      All acts necessary or precedent to bringing this lawsuit occurred or accrued in the Eastern District of New York.

8.      Federal law governs the facts and questions of law precedent to this suit.

9.      This Court has jurisdiction.

**NATURE OF ACTION**

10.      "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974). The "two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the

decisionmaking process." Marshall v. Jerrico, Inc., 446 U.S. 238, 242, (1980). Due process ensures "that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." Id.

11.     Despite Marshall settled the elementary level of due process that affected individuals ought to be given an opportunity to fully participate in the proceeding before adverse action is taken, Defendants have persistently conspired to confiscate assets belonging to Plaintiff even though there was no adverse proceeding naming Plaintiff and no judgment against Plaintiff.

12.     This lawsuit asks, under the Due Process and Equal Protection of the Fourteenth Amendment, whether Defendants may continue their sexiest mistreatment of Plaintiff by labeling her as a "housewife" and incapable of having her own assets apart from her husband, wherein the sexism is the motivation for depriving Plaintiff of due process to confiscate assets without jurisdiction over Plaintiff and without a judgment.

13.     This lawsuit asks whether Defendants may continue to encumber Plaintiff's assets under the antediluvian tradition, that whatever a wife owns belongs to her husband, at a time when the State of New York allows for a wife to maintain separate property without becoming marital assets.

14.     For the sake of brevity, to the extent of official capacity, this lawsuit seeks prospective declaratory relief and does not seek review, vacating, or disposing of any action taken in the State court; rather this lawsuit asks to review all facts alleged herein in the light of quieting live controversies arising under the Constitution of the United States for the purpose of issuing prospective declaratory relief.

## PARTIES

15. At all relevant times, Plaintiff Nina Fischman ("Plaintiff") is an individual residing at 703 Carlyle Street, Woodmere, NY 11598.

16. At all relevant times, Defendant Hon. Jerome C Murphy in his official and individual capacity ("Judge Murphy") is presiding as an elected justice for the Supreme Court of Nassau County.

17. At all relevant times, Defendant Judge Murphy does not preside over any proceeding that exercises jurisdiction over Plaintiff.

18. At all relevant times, Defendant Judge Murphy is not presiding over any controversy in which Plaintiff was summonsed as a party.

19. At all relevant times, Plaintiff is not complaining from any order upon which Judge Murphy issued in the purported exercise of jurisdiction.

20. At all relevant times, Defendant Shalom S Maidenbaum is an attorney at law who resides in Nassau County.

21. At all relevant times, Defendant Jonathan Stein is an attorney at law who resides in Nassau County.

22. At all relevant times, Defendant Elliot Blumenthal is an attorney at law who resides in Nassau County.

23. At all relevant times, Defendant Eric W. Berry is an attorney at law who practices in Nassau County.

24. At all relevant times, Defendant Michael A. Schiff in his official capacity is the presiding Sheriff for Sullivan County, NY.

25.     Without waving the right to joinder of individuals and entities party to this suit, upon information and belief, this complaint does not join other parties, if any, who cannot be made a party without depriving this court of subject-matter jurisdiction because upon information and belief, the causes of action are attributed directly to the named Defendant.

## BACKGROUND

26.     Shalom Maidenbaum claims to be in possession of a judgment under the caption Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc., Choshen Israel LLC and Aaron Fischman, Index. 604610/2016 (Nassau County Sup. Ct.) on the amount of $2 million. This is the only relevant matter that is assigned to Judge Murphy. Plaintiff is NOT named as a debtor in that judgment nor its proceedings leading to the judgment.

27.     Shalom Maidenbaum claims to be in possession of a judgment under the caption Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc., Choshen Israel LLC and Aaron Fischman, Index. 604766/2016 (Nassau County Sup. Ct.) in the amount of $275,000. The matter is NOT assigned to Judge Murphy. Plaintiff is NOT named as a debtor in that judgment nor its proceedings leading to the judgment.

28.     Shalom Maidenbaum claims to be in possession of a judgment under the caption Shalom S. Maidenbaum, v. Aaron Fischman, Index. 604767/2016 (Nassau County Sup. Ct.) in the amount of $250,000. The matter is NOT assigned to Judge

Murphy. Plaintiff is NOT named as a debtor in that judgment nor its proceedings leading to the judgment.

29.     Shalom Maidenbaum claims to be in possession of a judgment under the caption <u>Shalom S. Maidenbaum v, Aaron Fischman</u>, Index. 604768/2016 (Nassau County Sup. Ct.) in the amount of $50,000. The matter is NOT assigned to Judge Murphy. Plaintiff is not named as a debtor in that judgment nor its proceedings leading to the judgment.

30.     None of these purported judgments are related to any marital debt or to Plaintiff.

31.     Jonathan Stein claims to be a partner in each of the foregoing judgments and acts as the attorney.

32.     At all relevant times, starting from at least February 5, 2018 and onwards, Judge Murphy has irregular ex parte meetings directing the co-defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry on how to entangle Plaintiff with the purported judgments, so he could arbitrarily use the office of the Supreme Court of New York over Plaintiff, albeit Plaintiff is not a party to the purported judgments and was not a party to the proceedings leading to the judgment. The basis for this allegation came from multiple statements wherein co-Defendants are referring to *ex parte* conversations they had amongst themselves with Judge Murphy.

<u>An Example of How Judge Murphy Directs the co-Defendants</u>

33.     For example, on February 5, 2018, Judge Murphy had a meeting with Shalom S Maidenbaum and Jonathan Stein over their inability to exercise jurisdiction over Plaintiff, given that Plaintiff is not a debtor to the purported judgments. Judge Murphy directed Shalom S Maidenbaum and Jonathan Stein to bring a RICO Action under 18

U.S.C. 1964, that way the judgments could eventually be extended to Plaintiff. Shalom S Maidenbaum and Jonathan Stein agreed they could benefit from a RICO Action by quadrupling their purported judgments under the hopes to gain treble damages available under 18 USCA § 1964(c).

34. On May 16, 2018, the Defendants Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal, brought the RICO Action in the United States District Court for the Eastern District of New York, captioned as <u>Shalom S. Maidenbaum, v. Aaron Fischman, Nina Fischman, Lawrence Katz, The Law Office Of Lawrence Katz, P.C., The Law Office of Lawrence Katz, Esq., PLLC and Choshen Israel Group, LLC</u>, 2:18-cv-02911-JFB-GRB ("RICO Action") (dismissed as of March 25, 2020).

35. In the RICO Action, Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal made false assertions that the lion share of $70 Million in investments into Cardis Enterprises International, N.V., Cardis Enterprises International, B.V., and Cardis Enterprises International (U.S.A.) ("Cardis"), Inc, were allegedly diverted by Nina Fischman (Plaintiff). At all relevant times, Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal knew that these assertions were false, given the fact that at all relevant times, Shalom S Maidenbaum and Jonathan Stein have been in possession of all the assets and records of Cardis.

36. Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal knew that at all relevant times, that Aaron Fischman was receiving a lawful salary for his role in Cardis. On the direction of Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal used the RICO Action to frame the payments of Aaron Fischman's salary as fraud.

37.     Another example, on May 3, 2021, at about 10:10 a.m., Judge Murphy had an ex parte conversation with Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal directing them to bring an order to show cause to imprison Plaintiff for disobeying a nonexistent order.

<u>The Unconstitutional Pining of Debt not Owed by Plaintiff onto Plaintiff.</u>

38.     At all relevant times, Plaintiff was the exclusive owner of a personal savings and investment accounts which Plaintiff bequeathed to the Mommy Sauce Irrevocable Trust.  These accounts at Merrill Lynch bank are ending with the numbers #6722, #7155, #1091 and #4625. Prior to being deposited at Merrill Lynch, these assets were first held in North Fork Bank and its predecessor CapitalOne Bank in the account ending with the numbers #7656, #9036, #9044, #9060, #9079, #3271, #7364 and #3918. These accounts are referred collectively as "personal savings."

39.     At all relevant times, these personal savings were derived from an inheritance by Plaintiff's late grandparents, who passed away in the early 1990s.

40.     The personal savings have been in Plaintiff's exclusive possession for way over 15 years and was never a marital asset.

41.     Judge Murphy also directed, Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal influenced CapitalOne Bank and JP Morgan Chase bank to expel Plaintiff as a customer by defaming Plaintiff as a racketeer. As a direct result, Plaintiff was expelled from CapitalOne Bank and was forced to bank her personal savings at Merrill Lynch.

42.     On or about February 8, 2021, Judge Murphy directed the co-defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry to issue an

illegitimate Restraining Notice to Merrill Lynch purporting to act under the color of law on behalf of "The People of the State of New York" to encumber all assets belonging to Plaintiff in her individual capacity and official capacity as trustee of the Mommy Sauce Irrevocable Trust. Attached as **Exhibit 1** is a true copy of the Illegitimate Restraining Notice.

43.     In accompanying the Illegitimate Restraining Notice, Eric W. Berry and Elliot Blumenthal issued a letter outlining the Defendants fallacy for encumbering Plaintiff's personal savings. Attached as **Exhibit 2** is a true copy of Defendants fallacy.

44.     At all relevant times, Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry were in possession of the records of Plaintiff's personal savings going back to December 2006 evidencing that all the revenues in the accounts of Plaintiff's personal saving have been secluded at least since 2006 without the receipt of any external deposits—including there being no funds of Cardis commingled with the personal savings. Yet, Judge Murphy directed Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry to illegitimately restrain Plaintiff's personal saving falsely claiming, according to the Defendants Fallacy, that Plaintiff's personal savings are a fraudulent conveyance from Cardis.

45.     At all relevant times, Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry know full well that the personal savings have not received any funds from Cardis, the Illegitimate Restraining Notice is part of a game by Judge Murphy to usurp jurisdiction over Plaintiff by orchestrating a scheme to force Plaintiff to become collateral to the judgments.

46.     At all relevant times, under the laws of the State of New York, General Obligations Law § 3-301, Domestic Relations Law §§ 50, 236 Part B(c) and (d) a woman can own separate assets without the assets becoming the husband's or a marital asset.

47.     At all relevant times, Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry have repeatedly gone on a sexist tirade that "Nina Fischman is a housewife who was never employed" for the false proposition that Plaintiff as a woman is incapable of owning her own personal assets under the antediluvian tradition, that whatever a wife owns belongs to her husband, thus using sexism to pin the debt of Aaron Fischman (Plaintiff's husband) onto assets belonging exclusively to Plaintiff.

48.     To vindicate Plaintiff on the facts by refuting Defendants' fallacy, regardless that the Defendants action are without any authority under the law, Plaintiff duly obtained from each banking institution that was willing and capable of producing records relating to Plaintiff's personal savings going back 15 years. These records were then provided by Plaintiff to an accountant for a page-by-page forensic analysis. The forensic accountant concluded that the personal savings have been in Plaintiff's exclusive possession and are traced back to account #7656 going back to at least November 14, 2006, and #3271 going back to at least June 16, 2008 (if not earlier) with no other external deposits tainting them. Attached as **Exhibit 3** is a true copy of the forensic report.

49.     On or about August 20, 2007, Plaintiff duly purchased an investment home in the State of Israel ("Israeli Home"). Attached as **Exhibit 4** is a true copy of the contract of sale.

50.    At all relevant times, the monies used to purchase the Israeli Home and its title were always in Plaintiff's exclusive possession.

51.    At all relevant times, Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry did not have any proceeding and judgment against Plaintiff. Knowing that in New York the Plaintiff's Israeli Home cannot be adjudicated as collateral to the purported judgments, Judge Murphy directed Shalom S Maidenbaum and Jonathan Stein to go to the Courts in the State of Israel to claim that the Israeli Home is collateral to the purported judgments, under the antediluvian tradition still practiced in the State of Israel, that whatever a wife owns belongs to her husband.

52.    As a direct result of the foregoing, Judge Murphy, Shalom S Maidenbaum and Jonathan Stein, Elliot Blumenthal Eric W. Berry use their sexist tirade to pin the debt of Aaron Fischman (Plaintiff's husband) onto assets that exclusively belong to Plaintiff.

<u>Unconstitutional Pinning onto Marital Assets with Non-marital Debt</u>

53.    Plaintiff duly co-owns a home in Fallsburg, NY as a marital asset with her husband Aaron Fischman ("Fallsburg Property"). Attached as **Exhibit 5** is a true copy of the deed.

54.    Under New York Law, during marriage an individual spouse's interest in marital property cannot be levied since the marital property is in a state of "inchoate and indivisible ownership interests." <u>Pangea Capital Mgt., LLC v Lakian</u>, 34 NY3d 38, 42 (2019) citing (<u>Pangea Capital Mgt., LLC v Lakian</u>, 16-CV-0840 (LAK), 2017 WL 4081911, at *5 (SDNY Sept. 13, 2017), <u>affd</u>, 929 F3d 54 (2d Cir 2019) "Rights to marital property are 'inchoate' during the marriage and through the initiation of divorce action. Only upon entry of a judgment of divorce do those 'inchoate rights become actual

ownership interests'"; <u>McDermott v McDermott</u>, 119 AD2d 370, 379 (2d Dept 1986) ("During the marital property phase, when a spouse's interest is still inchoate, there can be no doubt that it is protectable against unwarranted dissipation").

55. On this principle, that marital property is in a state of "inchoate and indivisible ownership interests", New York law does not allow a judgment creditor to levy an interest on marital property when the debt is not marital debt. <u>Pangea Capital Mgt., LLC v Lakian</u>, 34 NY3d 38, 42 (2019).

56. Although the law stands for the proposition that the Fallsburg Property is a marital asset that cannot be garnished for debt unrelated to the marriage, Judge Murphy directed the co-defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry to garnish the Fallsburg Property.

57. Thereafter, Michael A. Schiff levied the Fallsburg Property, at the instigation of Shalom Maidenbaum and Jonathan Stein, to sell marital asset in the Fallsburg Property at a public auction. Attached as **Exhibit 6** is a true copy of the Sheriff's Notice of Sale.

## First Cause of Action

58. Plaintiff incorporates herein all the allegations stated in paragraphs from 1 to 56, for relief on behalf of herself under 28 U.S.C. §§ 2201 1343 and 42 U.S.C. §§ 1983, 1985(3) and pleads for prospective relief against Judge Murphy in his official and individual capacity and against co-Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal, Eric W. Berry, and Michael A. Schiff in his official capacity.

59. Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry in concert with each other, improperly utilize the color of law on behalf of the People of the State of New York, to encumber Plaintiff's personal savings and

property by pretending to act under the color of law even though Plaintiff is not a debtor to any purported judgment.

60. Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry have repeatedly gone on a sexist tirade that "Nina Fischman is a housewife who was never employed" for the false proposition that Plaintiff as a woman in incapable of owning her own personal assets under the antediluvian tradition, that whatever a wife owns belongs to her husband, thus using their sexist tirade to pin the debt of Aaron Fischman (Plaintiff's husband) onto assets that exclusively belong to Plaintiff.

61. At all relevant times, under the laws of the State of New York, General Obligations Law § 3-301, Domestic Relations Law §§ 50, 236 Part B(c) and (d) a woman can own separate property without the assets becoming a marital asset or subject to the debt of the husband.

62. These shenanigans by Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry violate Plaintiff's rights to due process by unduly subjecting Plaintiff to the consequences of a judgment of which Plaintiff was never a party to the judgment or its proceedings.

63. These shenanigans by Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry violate Plaintiff's rights to due process by unduly subjecting Plaintiff to the consequences of a judgment of which Plaintiff was not given any opportunity to defend prior to the entry of such judgment.

64. These shenanigans by Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry violate Plaintiff's equal protection of the law by

unduly subjecting Plaintiff to the consequences of a judgment merely based on sex—that a woman cannot own property independent of her husband.

65.     Under New York law Plaintiff does not have an adequate remedy at law in State Court to move to vacate the Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry illegitimate restraint on her personal savings.

66.     An actual controversy is present on whether Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry can encumber Plaintiff's personal assets.

67.     It is upon this obstacle of events, Plaintiff asks the Court to declare the rights and other legal relations of Plaintiff, to prevent a deprivation of due process, that the continuous encumbering of Plaintiff's personal savings and deposit into the Mommy Sauce Trust as subject to the judgments by Shalom Maidenbaum, without having afforded Plaintiff the right to be heard and without the presence of a duly obtained judgment wherein Plaintiff was summonsed as a party to the proceedings leading to such judgment, constitute a violation of Plaintiff's right to due process.

68.     It is upon this obstacle of events, Plaintiff asks the Court to declare the rights and other legal relations of Plaintiff, to prevent a deprivation of due process, that the continuous encumbering of Plaintiff's individual property without the presence of a duly obtained judgment, wherein Plaintiff was summonsed as a party to the proceedings leading to such judgment, constitute a violation of Plaintiff's right to due process.

69.     It is upon this obstacle of events, Plaintiff asks the Court to declare the rights and other legal relations of Plaintiff, to prevent a deprivation of due process, that the continuous encumbering of the Fallsburg Property without the presence of a valid

judgment on the marital assets, wherein Plaintiff was summonsed as a party to the proceedings leading to such judgment, constitute a violation of Plaintiff's right to due process.

70.     Plaintiff has no other adequate remedy at law.

## Second Cause of Action

71.     Plaintiff incorporates herein all the allegations stated in paragraphs from 1 to 69, for relief on behalf of herself under 28 U.S.C. 1343(3), 42 U.S.C. §§ 1983, 1985(3) abuse of process, and Judiciary Law 487 and pleads for damages against co-Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry.

72.     At all relevant times, Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry are attorneys that are subject to Judiciary Law 487 knowingly and intentionally used the following deception to injure Plaintiff.

73.     At all relevant times, Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry acted under the color of law by following the lead directed by joining Judge Murphy in harassing Plaintiff, thus fitting the elements of Manhattan Community Access Corp. v Halleck, 139 S Ct 1921, 1928, 204 L Ed 2d 405 (2019) of a private party becomes a state actor where the government compels the private entity to take a particular action or when the government acts jointly with the private entity.

74.     First Misconduct: the Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry intentionally created the Illegitimate Restraining Notice on Plaintiff's personal savings to injure the Plaintiff through deceit; the deceit is evident since at all relevant times, Shalom S Maidenbaum, Jonathan Stein, Elliot

Blumenthal and Eric W. Berry knew there is no judgment against Plaintiff to justify issuing such restraint.

75. Second Misconduct: the Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry falsely misrepresented in the Defendants Fallacy that "The $988,493.02 that Merrill received from Nina's Capital One Account 9044 to Merrill is traceable to deposits Nina made at Capital One during the 2008 - 2010 period in which Cardis was fraudulently transferring funds to her through the Katz IOLA accounts" even though Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry knew that not a single penny of that money came from Cardis.

76. Third Misconduct: the Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry falsely misrepresented in the Defendants Fallacy that "Nina's Capital One Account 7656 was funded by a $1,775,000 deposit on March 12, 2008" even though Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry knew that not a single penny of that money came from Cardis. Indeed, the banking records of Plaintiff were at all relevant times in possession of Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry showing that (i) account 7656 did not receive any deposits on March 12, 2008, (2) that the principal was in Plaintiff's possession at least since November 14, 2006 onwards, and that (3) there is no evidence showing that account 7656 received any money from any source related to Cardis.

77. Fourth Misconduct: the Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry falsely misrepresented in the Defendants Fallacy that "On May 8, 2019, Merrill received into the 7155 Account an additional

$200,000 deposit from the proceeds of Cardis' fraudulent conveyances that Nina held in her Capital One accounts (this time from Capital One AC 9060)" even though that not a single penny of that money is traceable as having anything to do with Cardis.

78. Fifth Misconduct: the Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry falsely misrepresented in the Defendants Fallacy that "On June 26, 2019, Merrill received into the 7155 Account an additional $494,490.59 deposit from the proceeds of Cardis' fraudulent conveyances" even though that not a single penny of that money is traceable as having anything to do with Cardis.

79. Sixth Misconduct: Shalom S Maidenbaum and Jonathan Stein are misusing the purported judgments they claim against Aaron Fischman in the Israeli Court to falsely launch proceedings to confiscate Plaintiff's Israeli Home. The deceit is in the misrepresentation that these Defendants are misrepresenting New York law for the proposition that whatever a wife owns belongs to her husband.

80. Seventh Misconduct: the Defendants Shalom S Maidenbaum and Jonathan Stein deceitfully used the purported judgments they claim against Aaron Fischman to encumber the Fallsburg Property without the presence of a valid judgment on the marital assets, despite the law places marital assets in inchoate and indivisible ownership interests.

81. Eight Misconduct: the Defendants Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal, in attempting to quadruple the purported judgments they already claim against Aaron Fischman, brought an action for the same transaction under 18 U.S.C. §§ 1341, 1343 in the United States District Court for the Eastern District of New York, captioned as <u>Shalom S. Maidenbaum, v. Aaron Fischman, Nina Fischman,</u>

Lawrence Katz, The Law Office Of Lawrence Katz, P.C., The Law Office of Lawrence Katz, Esq., PLLC and Choshen Israel Group, LLC, 2:18-cv-02911-JFB-GRB ("RICO Action") (dismissed as of March 25, 2020). In there, Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal made false assertions that the lion share of $70 Million in investments into Cardis Enterprises International, N.V., Cardis Enterprises International, B.V., and Cardis Enterprises International (U.S.A.) ("Cardis"), Inc, were diverted by Nina Fischman (Plaintiff). The Defendants knew that these assertions were false, and knew that at all relevant times, that Aaron Fischman received a lawful salary for his role in Cardis. Yet, Defendants Shalom S Maidenbaum, Jonathan Stein, and Elliot Blumenthal used their RICO Action to influence CapitalOne Bank and JP Morgan Chase bank to expel Plaintiff as a customer by falsely misrepresenting that the Plaintiff's personal savings were money diverted from Cardis, even though the Defendants did not have any evidence (because none exist) for the proposition that the personal savings were derived from Cardis.

82.    The Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry employed regularly issued legal process of a restraining notice to cause Merrill Lynch to freeze Plaintiff's personal savings, with the intent to deprive Plaintiff from the liberty to access the personal savings, in an effort to obtain a collateral objective in relation to the purported judgments albeit Plaintiff is not a party and there was no justification to restrain Plaintiff's assets with judgments upon when Plaintiff is not a debtor.

83.    Defendants Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry employed RICO Action to cause CapitalOne and JP Morgan Chase banks to expel Plaintiff as a good standing customer, the intent of misusing the RICO Action

was to harm without justification, even though the mere filing of a lawsuit does not represent the liability of person, the Defendants used the RICO Action as a stigma plus to obtain a collateral objective that is outside the legitimate ends of the legal process and deprived Plaintiff from having the liberty to maintain a bank account at a national bank.

84.     Plaintiff has no other adequate remedy at law.

### Prayer for Relief

WHEREFORE Plaintiff respectfully pleads for judgment:

**FOR THE FIRST CLAIM FOR RELIEF:** granting prospective declaratory relief against the Hon. Jerome C Murphy in his official and individual capacity, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry, that the continuous overextending a judgment to which Plaintiff is not debtor and encumbering of Plaintiff's personal savings and deposit into the Mommy Sauce Trust without the presence of a valid judgment advanced by Defendants constitute a violation of Plaintiff's right to due process; granting prospective declaratory relief against the Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry, that the continuous overextending a judgment to which Plaintiff is not debtor and encumbering of Plaintiff's personal property without the presence of a valid judgment, under the antediluvian tradition that whatever a wife owns belongs to her husband, as advanced by Defendants constitute a violation of Plaintiff's right to due process; and granting prospective declaratory relief against Judge Murphy, Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal, Eric W. Berry and Michael A. Schiff in his official capacity that the continuous encumbering of the Fallsburg Property without the presence of a valid judgment on the marital assets, constitute a violation of Plaintiff's right to due process.

**FOR THE SECOND CLAIM FOR RELIEF:** granting against Shalom S Maidenbaum, Jonathan Stein, Elliot Blumenthal and Eric W. Berry compensatory damages treble damages, punitive damages, reimbursement of legal costs and attorney fees, as well as such and further relief to fully remedy the causes of action and make Plaintiff whole again.

## DESIGNATION

Plaintiff reserves this complaint for trial by jury on questions of fact.

## VERIFICATION

I, Nina Fischman verify pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, that I conducted a reasonable inquiry into the facts and laws stated in the foregoing pleading, and certify in good faith that under the circumstances:

      1. The factual allegations stated in the foregoing pleading related to myself are true to the best of my knowledge.

      2. The factual allegations stated in the foregoing pleading related to the defendant are made to the best of my knowledge by familiarity of the facts and statements that either defendant and/or their agent(s) made available to the public and me or became known to me from a reliable source, while reserving the right to verify its veracity or dispute them.

Dated: Woodmere, NY
       June 1, 2021

       Respectfully submitted,

Nina Fischman
703 Carlyle Street,
Woodmere, NY 11598
516.426.9277