

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8528

June 22, 2021

**BY ECF**
Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re:     *Fischman v. Murphy, et al.*, 21-cv-3111 (GRB)(ARL)

Dear Judge Brown:

This Office represents Justice Jerome C. Murphy of the Supreme Court of the State of New York, Nassau County, in this action brought by *pro se* Plaintiff Nina Fischman ("Plaintiff"). We write pursuant to Your Honor's Individual Practices II(f) to request a pre-motion conference for a proposed motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**Justice Murphy Presided Over an Action Where Plaintiff's Conduct Was at Issue**

On June 2, 2021, Plaintiff filed this Complaint (ECF No. 1) and noted, *inter alia*, that Justice Murphy presided over *Maidenbaum v. Cardis Enter. Int'l*, B.V., et al, Index No. 604610/2016, pending in the New York State Supreme Court, Nassau County ("604610 Action"). ¶ 26. In that action, now defendant Shalom Maidenbaum seeks to enforce a judgment against Aaron Fischman, Plaintiff's husband, and various businesses owned by Mr. Fischman. *Id.* Plaintiff makes a number of baseless and illogical claims in her Complaint, including that Justice Murphy met with the plaintiffs *ex parte* during the pendency of the 604610 Action and conspired to find ways to enforce the judgment against Plaintiff, under a theory that Mr. Fischman had improperly transferred assets to Plaintiff and disguised them as Plaintiff's personal, non-marital assets. ¶¶ 32-37. Plaintiff also alleges Justice Murphy recommended that the plaintiffs file a RICO action against the Fischman couple, and that Justice Murphy improperly held Plaintiff in contempt for failing to appear at a deposition. *Id.*

The Complaint asserts various due process and equal protection violations under 42 U.S.C. §§ 1983 and 1985 and New York law. *See e.g.* ¶¶ 58, 62, 64. Plaintiff further claims that she has no remedy at law under New York law and seeks a declaration that the Defendants cannot encumber her alleged personal property with a valid judgment. ¶¶ 65, 67, 69. Plaintiff

also seeks monetary damages under the other defendants but does not seek this relief against Justice Murphy. ¶¶ 71-84. On June 2, 2021, after receipt of the Complaint approximately 15 minutes before oral argument was to be held on a contempt motion, Justice Murphy recused himself from the 604610 Action.

## Well-Established Precedent Warrants Dismissal of the Complaint Against Justice Murphy

For the reasons summarized below, Plaintiff's complaint should be dismissed. ***First***, sovereign immunity bars any claim against Justice Murphy in his official capacity. *See* U.S. Const., amend. XI; *Leibovitz v. City of N.Y.*, No. 14 Civ. 3297 (RA) (JCF), 2015 WL 13746665, at *4, n.7 (S.D.N.Y. Dec. 18, 2015) (Eleventh Amendment bars claims for retrospective declaratory relief, and claims seeking injunctive relief absent a "sufficient likelihood" of future violations) (citations omitted), *report and recommendation adopted by* 2016 WL 1189526 (S.D.N.Y. Mar. 21, 2016). It is well settled that New York State and its agencies and officers are protected from such suits by immunity under the Eleventh Amendment, regardless of whether the relief sought from them is legal or equitable in nature. *See Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990); *Sassower v. Mangano*, 927 F. Supp. 113, 120 (E.D.N.Y. 1996) (suit against presiding and associate justices of the Supreme Court of New York, Appellate Division, Second Department barred).

***Second***, Justice Murphy is entitled to absolute judicial immunity from suit. *Raghavendra v. Fenn*, 2019 WL 4963257, at *4 (E.D.N.Y. Oct. 7, 2019) (Defendant federal court judge is entitled to absolute immunity from Plaintiff's claims); *Booker v. O'Brien*, 2019 WL 5267307, at *3 (E.D.N.Y. Oct. 16, 2019). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 13 Wall. 35 (1872)." *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967); *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997). It is "well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions," *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). This immunity extends to state court judges sued in federal court pursuant to § 1983. *See, e.g., Pizzolato v. Baer*, 551 F. Supp. 355, 356 (S.D.N.Y. 1982), *aff'd sub nom. Pizzolato v. City of New York*, 742 F.2d 1430 (2d Cir. 1983). Each of the allegations of misconduct made by Plaintiff against Justice Murphy are ones he performed as a judicial officer in the 604610 Action.

***Third***, the Complaint fails to state a valid claim against Justice Murphy. Plaintiff's Section 1983 claim fails because he does not allege any Constitutional violation or the requisite personal involvement by Justice Murphy. To the extent Plaintiff seeks injunctive relief against Justice Murphy, the 1993 amendments to § 1983 expressly bar such claims. *Huminsky v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2006). Though Plaintiff claims otherwise, declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order. *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd*, 639 F. App'x 38 (2d Cir. 2016). Given Justice Murphy's recusal, this action is also moot with regard to him such that this Court could not order any of the relief sought against him.

Accordingly, Justice Murphy respectfully requests a pre-motion conference and leave to move to dismiss the complaint. Thank you for your consideration in this matter.

Respectfully submitted,

s/ Elizabeth A. Figueira

Assistant Attorney General