# JONATHAN A. STEIN, P.C.
ATTORNEY AND COUNSELOR AT LAW
132 SPRUCE STREET
CEDARHURST, NEW YORK 11516-1915

MEMBER OF NY AND NJ BARS

TELEPHONE
(516) 295-0956

TELECOPIER
(516) 295-0957

e-mail: jonsteinlaw@gmail.com

July 27, 2021

**VIA ECF**

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

RE: *Fischman v. Murphy* 21-cv-3111 (GRB)(ARL)

Honorable Sir:

As indicated in our letter of July 8, 2021, the undersigned is both a named defendant in the referenced action and counsel to defendant Shalom S. Maidenbaum. We write this letter to request a pre-motion conference in accordance with the Court's Individual Practice Rules, Rule II(f) with respect to our intent to move for dismissal of the complaint pursuant to FRCP Rule 12(b)(1) and (6).

The purported basis of jurisdiction is Federal Question under 28 U.S.C § 1331 because of a claim of "sexism" by virtue of the use of the word "housewife" when referencing Plaintiff in litigation pending in the New York State Supreme Court, in Nassau County.

First and foremost, Plaintiff's complaint violates the *Rooker-Feldman* Doctrine (the "Doctrine"), enunciated in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See, also, Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), *Theler v. Casella*, 960 F. Supp. 691 (S.D.N.Y. 1997) The Doctrine provides that lower United States federal courts, i.e., federal courts other than the Supreme Court, should not sit in direct review of state court decisions unless Congress has specifically authorized such relief. In short, federal courts below the Supreme Court must not become a court of appeals for state court decisions. The state court plaintiff has to find a state court remedy, or obtain relief from the U.S. Supreme Court.

Yet, this is precisely what Ms. Fischman is seeking to do with this complaint. More compelling, we believe the record supports that Ms. Fischman started this action on the very hour that a court ordered contempt hearing against her was to begin, the result of which was to force the Honorable Jerome C. Murphy, J.S.C. of the Supreme Court, Nassau County to recuse himself at the commencement of that hearing.

Honorable Gary R. Brown, U.S.D.J.                                                                         Page 2
RE: *Fishman v. Murphy* 21-cv-3111(GRB)(ARL)
July 27, 2021

Second, I have conducted extensive research and can find no incident where the term "housewife" was deemed actionable as a basis for any relief in federal court, nor do I believe it to be so. The use of such a term cannot be deemed "sexism."

Third, both the New York State and Federal Courts recognize an absolute immunity that attaches to statements made by judges, attorneys and witnesses in connection with court proceedings. This includes affidavits submitted to court, live testimony, or statements made in open court during proceedings. *See, e.g., Rosenbloom v. Metromedia*, 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971), *Bio/Basics International Corp. v. Ortho Pharmaceutical Corp.*, 545 F.Supp 1106 (S.D.N.Y. 1982), *Hinckley v. Resciniti*, 159 A.D.2d 276, 552 N.Y.S.2d 278 (1st Dep't 1990), *Cohen v. Feiden*, 213 A.D.2d 696, 624 N.Y.S.2d 448 (2nd Dep't 1995), *Allan & Allan Arts v. Rosenblum*, 201 A.D.2d 136, 615 N.Y.S.2d 410 (2nd Dep't 1994).

Fourth, Plaintiff's claims of conspiracy are conclusory (false and outrageous). "A mere conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2nd Cir. 2002).

Finally, it is our view that this action was commenced for frivolous and improper purposes, subjecting Plaintiff to the imposition sanctions and the assessment of reasonable attorneys' fees under FRCP Rule 11(b)(1), (2) and (3), which we intend to move for at the appropriate time.

Based upon the foregoing, we respectfully request a ***live, in person*** pre-motion conference and leave to move to dismiss the complaint.

We thank the Court for its attention to this matter.

                                                          Most Respectfully Yours,

                                                         JONATHAN A. STEIN

JAS:rf
cc: Nina Fischman *via email ninafsa@aol.com*
     counsel by ecf