

Pro Se Office

To Judge Brown

From: Nina Fischman,
703 Carlyle Street,
Woodmere, NY 11598

To: Hon. Gary R. Brown,
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re: *Nina Fischman v. Hon. Jerome C Murphy*,
CV-21-3111

Date: August 10, 2021

Your Honor;

I am the Plaintiff in this action.

On June 23, 2021, the Court asked me to respond and show cause as to the jurisdiction of the Court.

I am providing this response to the order to show cause to clarify the issues before the Court. There are more facts responsive, but many of them are in Hebrew, I was simply unable to obtain its translation timely.

This case looks to prevent a scheme to deprive plaintiff of due and other fundamental right, in connection with seizing assets from plaintiff. Plaintiff is NOT a debtor to any judgment in State court. There is NO court order authorizing freezing or confiscating plaintiff's assets. There is NO warrant against plaintiff. On that basis, plaintiff seeks prospective declaratory relief to prevent a deprivation of due process.

Plaintiff also brought a claim for abuse of process against the private parties for misusing the judgment of Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc., Choshen Israel LLC and Aaron Fischman, Index. 604610/2016 (Nassau County Sup. Ct.) ("judgment") to confiscate plaintiff's private property and assets even though plaintiff is not a party to that judgment.

Although a private party's mere use of a state statute, alone, does not constitute state action, when combined with the participation of state officials it can signify state action. In Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) the Supreme Court held that a creditor who used a state prejudgment attachment statute acted under color of state law because, in attaching the debtor's property, with help from the court clerk and sheriff, the creditor used state power. The assistance from state officials made the creditor a joint participant in state action.

When the claim of a constitutional deprivation is directed against a party whose official character is such as to lend the weight of the State to his decisions, the conduct is state action because it is fairly attributable to the State. Knight First Amend. Inst. at Columbia Univ. v. Trump, 953 F.3d 216, 219 (2d Cir. 2020).

Here the complaint alleges with black and white evidence, CPLR 5222[b] was used to restrain plaintiff's bank accounts even though plaintiff is not a debtor to the judgment and not a single dollar of these accounts has any link to the debtor. CPLR 5222[a] delegates to the private party's "attorney" to issue such restraint, a function that belongs to the State. This itself meets the criteria of state actors, under the Close Nexus Test and the Public Function Test, as the Court of Appeals held, Supreme Court cases on the subject of state action have not been a model of consistency, and we therefore have no single test to identify state actions and state actors. Rather, there are a host of factors that can bear on the fairness of an attribution of a challenged action to the State. Three main tests have emerged: For the purposes of section 1983, the actions of a nominally private entity are attributable to the state (1) when the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus test"); or (3) when the entity has been delegated a public function by the state ("the public function test"). Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012).

The same Joint Action Test and the Public Function Test applies to the Sheriff of Sullivan County. The private parties have employed the Sheriff to confiscate marital property of plaintiff, without there being a judgment on the marital assets, to satisfy a judgment where the marriage is not the debtor.

As for the first part of the Court's order to show cause with regard to judicial and sovereign immunity. Justice Murphy is sued only for prospective declaratory relief as a necessary party. See MacPherson v. Town of Southampton, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009) (To the extent Plaintiffs seek prospective declaratory relief, viz. a declaration that the Justices' enforcement of the Town rental law constitutes a continuing violation of the Constitution, Plaintiffs' claims are not barred by judicial immunity). The complaint does not sue Justice Murphy for damages or any retroactive relief. Rather, the complaint looks for prospective declaratory relief from a continuing scheme to deprive plaintiff of due and other fundamental rights, in connection with seizing assets from plaintiff and assets to satisfy the judgment when the only basis is that plaintiff is the wife of the debtor.

The defendants modus operandi is clear in the words of Judge Murphy's office, who stated he would recognize and enforce a finding and judgment from the Israeli court that the property of Nina Fischman belongs to Aaron Fischman. The defendants planned this scheme, go to the Israeli court to get a judgment that whatever plaintiff owns belongs to her husband, to then return to the State of New York and enforce such judgement against plaintiff's assets in the State of New York. Indeed, the Israeli court asked Maidenbaum, "if there is any basis that Nina Fischman is a party to the judgment, why don't you have

the New York courts decide that?" In response, Maidenbaum's counsel revealed that Judge Murphy said "he would confirm any finding by the Israeli court that the property of Nina Fischman belongs to Aaron Fischman."

The defendants employed scheme, that whatever a housewife owns belongs to her husband is the catalyst for the restraining notice and the action by the Sheriff. These actions were planned and initiated by Judge Murphy's office in order to deprive plaintiff of her due process. The purpose of the restraining notice and the Sheriff's action on the marital property is to hold plaintiff's assets in anticipation that the Israeli law would apply antediluvian tradition, that whatever a wife owns belongs to her husband, and thus upon Judge Murphy's confirmation of the Israeli court's finding, Maidenbaum would be able to garnish plaintiff's bank accounts and share in the marital home.

The attorney general's letter states that the allegations in the complaint fail to show state action, and that the action of the private parties are not attributable to the state. However, the totality of the facts raised in the complaint, meaning all four corners of the complaint, presents a truly clear picture of state action in concrete with the private parties.

The private parties' scheme to use the judgement against the nonparty—Plaintiff, is a plot to subject plaintiff under color of law to a judgment but without due process and denying the opportunity (which a party ordinarily has under due process) to prevent to the judgment, is precisely what this case aims to do.

The defendants only hook for entangling plaintiff with the judgment is the false premise that plaintiff as a "housewife" is unable to own assets on her own. The acts of the private parties could not have been done without the state personnel planning and initiation.

As such, I respectfully request that the Court vacate the order to show cause and separately permit me to file an opposition to the letters by the defendants seeking a premotion conference.

In addition, I request three (3) weeks to file a premotion conference letter for motion to amend to complaint, since I need more time to complete a proposed amended complaint before filing such letter.

Very truly yours,

Nina Fischman